UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) BILLY D. HUDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 15-cv-733-CVF-FHM |
| | ) | (*formerly Tulsa County District Court* |
| (2) PROGRESSIVE NORTHERN INSURANCE COMPANY, | ) | *Case No. CJ-2015-3167*) |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446(b), Defendant, Progressive Northern Insurance Company ("Progressive" or "Defendant"), hereby removes the above-captioned lawsuit from the District Court in Tulsa County, State of Oklahoma to this Court. Pursuant to LCvR 81.2, a copy of the state court docket sheet as well as all documents filed or served in the state court action are attached hereto as **EXHIBITS 1-4**.

The removal of this case to federal court is based on the following:

### FACTUAL BACKGROUND

1.  On March 2, 2009, Billy D. Hudson ("Plaintiff") was involved in an automobile accident ("Accident") while riding as a passenger in a 1997 Chevrolet K1500. Plaintiff asserts the accident was a result of the vehicle's driver's negligence. (*See* Petition, ¶1, **EXHIBIT 2**.)

2.  Plaintiff alleges that as a result of the vehicle's driver's negligence, he has "sustained injuries to his neck, low back, right hip, left shoulder, right shoulder, right hand, and right leg." Plaintiff also claims he has "incurred medical bills to date and has suffered pain and disability," and that "[h]is condition is permanent, and he will continue to suffer pain and disability in the future." (*See* Petition, ¶4, **EXHIBIT 2**.)

3. On March 2, 2009, Defendant admits Policy No. 62318962-2 ("the Policy"), with effective dates of January 3, 2009, at 12:01 a.m., to July 3, 2009, at 12:01 a.m., was in effect between Defendant and its named insured, Jeff Frieling. Defendant further admits that a 1997 Chevrolet K1500 (VIN No. 2GCEK19R5V1222522) was listed on the Policy. Defendant further admits that the Policy provided liability coverage with $100,000.00/$300,000.00 limits and uninsured/underinsured motorist ("UM/UIM") limits of $100,000.00/$300,000.00. Additionally, Defendant admits the Policy provided $5,000.00 of medical payments ("MedPay") coverage. Defendant denies any allegations and statements set forth in numerical paragraph 2 of Plaintiff's Petition which are not specifically admitted. (*See* Defendant's Answer, **EXHIBIT 4**, and EXHIBITS 1 – 4 to Defendant's Answer, the Policy forms.)

4. On August 26, 2015, Plaintiff filed suit against Progressive in the District Court of Tulsa County. (*See* **EXHIBIT 2**.) Plaintiff sought damages in the amount of $100,000.00 from Progressive. (*See* **EXHIBIT 2**.)

5. Plaintiff's Petition has not been served on Progressive. (*See* Docket for *Billy D. Hudson v. Progressive Northern Insurance Company*, Case No. CJ-2015-3167, **EXHIBIT 1**.)

6. Progressive has waived service and filed an Answer to Plaintiff's Petition on December 22, 2015. (*See* Defendant's Answer, **EXHIBIT 4**.)

<u>**COMPLETE DIVERSITY EXISTS**</u>

7. "'Federal Courts are courts of limited jurisdiction. They posses only the power authorized by the Constitution and statute . . .'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). For a federal court to have jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction. At the time the Petition was filed, federal question jurisdiction did not exist. Specifically, there were

no allegations that the Constitution or any federal statute had been violated. (*See* generally Petition, **EXHIBIT 2**.)

8. However, as of the moment Plaintiff filed his Petition, diversity of jurisdiction existed. Specifically, as the date of Plaintiff filing his Petition, pursuant to U.S.C. § 1332 (a)(2), this action is a civil action over which this Court has original jurisdiction. It is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs, as shown below.

9. At the time of filing, the relevant time period, upon information and belief, Plaintiff was a resident and citizen of the state of Oklahoma. (*See Groupo Dataflux v. Atlas Global Group*, L.P., 541 U.S. 567 (2004)(stating that jurisdiction depends upon the state of things at the time of filing). Plaintiff was not a citizen of the State of Wisconsin or the State of Ohio. (*See* Plaintiff's criminal file, *State of Oklahoma v. Billy Dewayne Hudson*, District court of Sequoyah County; Case No. CM-2015-770, attached as **EXHIBIT 5**.)

10. For purposes of removal under 28 U.S.C. § 1441, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business. 28 U.S.C. § 1332(c). While Congress never defined exactly what is a "principal place of business," the Supreme Court recently held unanimously that a corporation's principal place of business is presumed to be the place of the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).

11. At the time Plaintiff filed his Petition on August 26, 2015, Progressive was a foreign corporation, incorporated under the laws of the State of Wisconsin with its principal place of business in Ohio. Progressive has not been incorporated in Oklahoma and has not had its principal

3

place of business in Oklahoma. (*See* Annual Statement of Progressive Northern Insurance Company, **EXHIBIT 6**.)

12. As Plaintiff and Defendant are citizens of different states, the complete diversity requirement of 28 U.S.C. § 1332 is met.

### THE AMOUNT IN CONTROVERSY EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

13. Diversity jurisdiction also requires the removing party demonstrate that the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332. This requirement is also met.

14. Plaintiff's Petition expressly states he is seeking damages in the amount of $100,000.00, which exceeds the jurisdictional limit of $75,000.00. (*See* Petition, **EXHIBIT 2**.)

### REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE

15. Pursuant to 28 U.S.C § 1446(b), this Notice of Removal is timely filed with this Court. Specifically, Progressive waived service and removed to this Court. *See Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (holding that a defendant's removal window does not begin until either it receives both the petition and summons or until it waives service).

16. Additionally, pursuant to the same federal statute, one year has not elapsed since the commencement of this action. (*See* Petition, filed on August 26, 2015, **EXHIBIT 2**.)

17. Lastly, this Notice of Removal has been removed to the proper federal district court. The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the Notice of Removal in "The District Court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). Currently, this action is pending in the District Court of Tulsa County, State of Oklahoma. The Northern District of Oklahoma includes the County of Tulsa County. *See* 28 U.S.C. § 116(a). Therefore, removal to this Court is proper.

18. Pursuant to 28 U.S.C. § 1446(d), Progressive will serve written notice of the filing of this Notice of Removal upon Plaintiff, and Progressive has filed a copy of the Notice of Removal with the Clerk of the District Court in and for Tulsa County, State of Oklahoma.

WHEREFORE, Defendant, Progressive Northern Insurance Company, removes this action from the District Court in and for Tulsa County, State of Oklahoma, to the United States District Court for the Northern District of Oklahoma.

Respectfully submitted,

s/ Brad L. Roberson
Brad L. Roberson, OBA No. 18819
Dawn M. Goeres, OBA No. 21923
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:   405-606-3333
Facsimile:   405-606-3334
**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

John L. Harlan, Esquire

This certifies that on December 23, 2015, the above and foregoing instrument was delivered to the following counsel of record:

Sally Howe Smith, Court Clerk            *VIA U.S. MAIL*
Tulsa County Courthouse
500 South Denver Avenue
Tulsa, Oklahoma 74103

s/ Brad L. Roberson
For the Firm

5